IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN M. PETERS, | Civil No. 3:22-cv-1542 |
| Plaintiff | (Judge Mariani) |
| v. | |
| PRIME CARE MEDICAL INC., *et al.*, | |
| Defendants | |

**MEMORANDUM**

Plaintiff Steven Peters ("Peters"), an inmate formerly held as a pretrial detainee at the Perry County Prison, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are PrimeCare Medical, Inc. ("PrimeCare") and Shelby Bailey, LPN (together, the "PrimeCare Defendants"), and the Perry County Prison, Warden Barclay and two John Doe correctional officers (collectively, the "County Defendants"). Presently before the Court is a Rule 12(b) motion (Doc. 25) to dismiss by the PrimeCare Defendants. Peters failed to respond to the motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant the motion.

---

[1] Peters was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed. (Doc. 27) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

I.   **Allegations of the Complaint**

On December 18, 2021, prior to his detention at the Perry County Prison, Peters underwent surgery on his right leg to repair injuries sustained in a motorcycle accident. (Doc. 1 ¶¶ 1-3). Peters was prescribed pain medication, had to use crutches, and undergo physical therapy. (*Id.* ¶ 5).

On March 11, 2022, Peters was arrested for violating terms of his probation and was detained at the Perry County Prison for approximately five (5) days. (*Id.* ¶¶ 7-8, 13). Peters asserts that when he arrived at the Perry County Prison, he was using crutches and was admitted to the Prison's medical unit. (*Id.* ¶¶ 9-10). He asserts that he arrived at the Perry County Prison on a Friday, and the Prison did not have medical staff available on the weekend "to handle [his] types of injuries." (*Id.* ¶ 13). Peters alleges that he requested to be transported to an outside hospital because the Perry County Prison did not have access to medical staff twenty-four hours per day. (*Id.* ¶¶ 12-14).

On March 14, 2022, Defendant Bailey allegedly performed a medical evaluation. (*Id.* ¶ 15). Peters alleges that Defendant Bailey took his vitals, administered COVID-19 and tuberculosis tests, but failed to assess his leg. (*Id.*).

On March 15, 2022, Peters was released from the Perry County Prison. (*Id.* ¶ 17). Peters believes that he was released from the Perry County Prison due to the Prison's alleged inability to tend to his medical needs. (*Id.* ¶¶ 17-18).

Peters sets forth claims under the cruel and unusual punishment clause of the Eighth Amendment, a failure to train claim, a *Monell*[2] liability claim, and a claim under the Pennsylvania Constitution. (*Id.* at pp. 8-9).

## II. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

---

[2] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (pursuant to *Monell*, a private corporation can be held liable for constitutional violations only if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs).

3

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

4

## III.   Discussion

### A.   Eighth Amendment Claim[3]

In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to establish deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to the plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 834, 837; *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Circumstantial evidence can establish

---

[3] As set forth in the complaint, Peters was a pretrial detainee at the Perry County Prison. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). The Supreme Court, however, has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *See id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). In the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." *See id.* Accordingly, the Court will analyze Peters' claim under the framework of the Eighth Amendment. *See id.* at 582.

5

subjective knowledge on the part of the defendant if it shows that the excessive risk was so obvious that the official must have known about it. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain. *See id.*

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation. *Whitley v. Albers*, 475 U.S. 312 (1986). The

Supreme Court has also noted that "[l]ack of due care suggests no more than a failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986). Where a state of mind is relevant, the complaint is inadequate if it merely contains conclusory allegations describing the requisite state of mind such as "intentionally" or "recklessly" without supporting factual allegations. *Wilson*, 501 U.S. 294. Additionally, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *see Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White*, 897 F.2d at 108-10.

Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); *Pearson v. Prison Health Servs.*, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

Peters has not set forth a plausible Eighth Amendment claim regarding inadequate medical care. Assuming, *arguendo*, that Peters' ailments presented a serious medical need, the complaint lacks sufficient allegations that the PrimeCare Defendants were deliberately indifferent to such conditions. Peters acknowledges that when he arrived at the

7

Perry County Prison, he was immediately placed in the Prison's medical unit. Peters presented to the Perry County Prison on Friday, March 11, 2022, and Defendant Bailey performed a medical assessment on Monday, March 13, 2022. Peters asserts that he did not have around-the-clock medical care and that the PrimeCare Defendants did not take "appropriate action over a 5 day[ ] course." (Doc. 1, p. 8). To the extent that Peters believes he should have received different treatment and should have been transferred to an outside medical center, this constitutes a "mere disagreement as to the proper medical treatment," and is not an actionable Eighth Amendment claim. *Lanzaro*, 834 F.2d at 346. Additionally, the failure to provide twenty-four-hour access to medical care does not amount to a constitutional violation. *See Boyett v. Cty. of Wash.*, 282 F. App'x 667, 673 (10th Cir. 2008) ("[T]here is no *per se* requirement that a jail provide its inmates around-the-clock access to a medical doctor."). Because Peters fails to allege facts from which it can reasonably be inferred that the PrimeCare Defendants exhibited deliberate indifference to his medical needs, he is not entitled to relief on this claim.

### B.  *Monell* Claim against PrimeCare

Under §1983, a private corporation contracted by a prison to provide healthcare for inmates cannot be held liable for Eighth Amendment violations on a *respondeat superior* theory. *Natale*, 318 F.3d at 583. Rather, pursuant to *Monell*, a private corporation can be held liable for constitutional violations only if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *See Monell*, 436 U.S. 658 (subjecting

8

municipalities to liability for policies or customs that cause constitutional deprivations); *Natale*, 318 F.3d at 584 (applying *Monell* to a private company providing medical services to inmates). *See also Weigher v. Prison Health Servs.*, 402 F. App'x 668, 669-70 (3d Cir. 2010) (nonprecedential) (noting that a private corporation providing medical service at a state correctional facility cannot be held liable under a theory of *respondeat superior* in a § 1983 suit). Thus, to prevail on his § 1983 claims against PrimeCare, Peters must establish that "there was a relevant [PrimeCare] policy or custom, and that the policy caused the constitutional violation" for which he seeks relief. *See Natale*, 318 F.3d at 583-84. "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)), *superseded in part by statute*, Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1072, § 102. A course of conduct not expressly authorized by law becomes a "custom" when the challenged "practices of state officials [are] so permanent and well settled" as to virtually constitute law. *Monell*, 436 U.S. at 690. In order to establish liability, "it is incumbent upon [Plaintiff] to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Andrews*, 895 F.2d at 1480 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). The "policymaker" is the person who "has final, unreviewable discretion to make a decision or take an action," and who is or is not a policymaker is determined by reference to state law. *Andrews*, 895 F.2d at 1481.

Here, the allegations of the complaint are scant in that Peters has not alleged an unconstitutional policy, practice, or custom, and he has failed to identify a PrimeCare policymaker who is responsible for either a policy or, through acquiescence, a custom, that caused the constitutional violation for which he seeks relief. As such, the Court will dismiss the Monell claim against PrimeCare.

### C. Claim Pursuant to the Pennsylvania Constitution

Peters sets forth a cause of action for an alleged violation of Article 1 §§ 11 and 13 of the Pennsylvania Constitution. (Doc. 1, pp. 8-9). As the Third Circuit has recognized, however, "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." Pocono Mtn. Charter Sch. v. Pocono Mtn. Sch. Dist., 442 F. App'x 681, 687 (3d Cir. 2011). Accordingly, the Court will dismiss Peters' claim pursuant to the Pennsylvania Constitution.

### IV. Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). The above claims

against PrimeCare and Nurse Bailey are factually and legally flawed; thus, the Court concludes that granting Peters leave to amend would be futile. Moreover, Peters failed to response to Defendants' motion, despite being granted additional time to do so.

## V. Conclusion

Based on the foregoing, the Court will grant the Rule 12(b) motion to dismiss by PrimeCare Medical, Inc. and Shelby Bailey, LPN. (Doc. 25). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 10, 2023